# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| ORLANDO MARTINEZ, a/k/a Rolando Martinez Fernandez, | ) Case No. 4:20-mj-70567-MAG |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 29, 2020** in the county of **Alameda** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm and Ammunition |
| | Maximum term of imprisonment: 10 years |
| | Maximum fine: $250,000 fine |
| | Maximum term of supervised release: 3 years |
| | Mandatory $100 special assessment |
| | Forfeiture |

This criminal complaint is based on these facts:

Please see the attached affidavit of ATF Special Agent Andrew Balady

☑ Continued on the attached sheet.

**FILED**

May 13 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*/s/ Andrew Balady*
*Complainant's signature*

Andrew Balady, ATF Special Agent
*Printed name and title*

Approved as to form: */s/ Michael A. Rodriguez*
AUSA Michael A. Rodriguez

Sworn to before me and signed in my presence.

Date: 05/13/2020

*Judge's signature*

City and state: Oakland, California

Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF ATF SPECIAL AGENT ANDREW BALADY IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Balady, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, hereby state as follows:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of a criminal complaint charging Orlando MARTINEZ, a/k/a Rolando Martinez Fernandez, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about January 29, 2020, MARTINEZ possessed a loaded .40 caliber S&W Springfield Armory XD 40 semiautomatic handgun within the Northern District of California.

2. The facts contained within this affidavit are based upon information I have gathered in my investigation, my personal observations, my training and experience, and information received from other law enforcement officers. This affidavit is being submitted for the limited purpose of securing a criminal complaint, and therefore I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that there has been a violation of 18 U.S.C. § 922(g)(1).

### II. AFFIANT BACKGROUND AND EXPERIENCE

3. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training as to the identity and origin of firearms and ammunition. Prior to becoming an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and I had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

4. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the possession by convicted felons of firearms and ammunition. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal firearms and narcotics trafficking, as well as the criminal possession and use of firearms. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I also have participated in

physical surveillance operations and in the execution of state and federal arrest warrants and search warrants, and I have reviewed numerous law enforcement reports. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

5. The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relative to this investigation, consultation with other experienced local and federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

### III. APPLICABLE LAW

6. Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who knows that he or she has been previously convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition that has traveled in or affected interstate commerce.

### IV. STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

7. At approximately 5 p.m. on January 29, 2020, a detective with the Alameda County Sheriff's Office (ACSO) Narcotics Task Force was conducting surveillance in East Oakland when he saw a Hispanic male, later identified as MARTINEZ, put a handgun in the front waistband of his pants. MARTINEZ had taken the gun from the saddlebag compartment of a red Harley Davidson motorcycle parked in the 900 block of 69th Avenue. The detective continued surveilling MARTINEZ and observed him enter a residence on 69th Avenue and then loiter outside in that same area for about half an hour.

8. MARTINEZ then returned to the red Harley Davidson and put on his helmet. At approximately 5:40 p.m., the detective, who was working in a plain clothes capacity, instructed a uniformed ACSO arrest team to detain MARTINEZ and conduct a probable cause search for the firearm. The detective informed the arrest team that the suspect was wearing a red sweatshirt with the word "GAP" across the front, blue pants, a black helmet, and was last seen driving a red Harley Davidson motorcycle. The license plate of the motorcycle was also provided.

9. As he waited for the arrest team to arrive, the detective followed MARTINEZ as he did a loop around the block on his motorcycle. The detective briefly lost sight of MARTINEZ because MARTINEZ was traveling at a high rate of speed; he then relocated MARTINEZ a short distance away at 69th Avenue and International Boulevard. It was at this time, at approximately 5:45 p.m., that two uniformed ACSO detectives also arrived at the scene in their own vehicle. The two uniformed ACSO detectives watched as MARTINEZ pulled up to a red light on International Boulevard near Havenscourt Boulevard. While he was at the stop light, the detectives observed MARTINEZ drive the motorcycle on the right-hand shoulder to pass in front of the first vehicle stopped at the light. The detectives recognized this as an illegal pass, in violation of California Vehicle Code Section 21750(a), and they initiated a traffic stop on 66th Avenue and International at approximately 5:48 p.m.

10. Both detectives exited their vehicle and immediately observed MARTINEZ patting his front pockets, which were near his waistband. Based on the detectives' training and experience, they were aware that many subjects keep weapons inside of the front waistband of their pants. In addition, the report that the detectives received just a few minutes earlier described the individual on this motorcycle as putting a gun in his waistband.

11. Concerned for their own safety, the detectives yelled at MARTINEZ to keep his hands up. When MARTINEZ did not immediately comply, the detectives each grabbed one of MARINEZ's hands and attempted to secure him. MARTINEZ resisted these efforts and a brief struggle ensued. The detectives pushed MARTINEZ and the motorcycle onto the ground, where MARTINEZ continued to yell and struggle. Eventually the detectives were able to subdue him and place him in custody.

12. A tow truck was called for the motorcycle and a search was performed. During the search, detectives opened a rear saddlebag compartment on the motorcycle. Upon opening this compartment, detectives saw in plain view a .40 caliber S&W Springfield Armory XD 40 semiautomatic handgun bearing serial no. US447840. The firearm was loaded with 10 rounds of ammunition, including one round in the chamber. A state records check of the serial number showed the firearm was not registered to MARTINEZ. An image of the gun is shown on the following page.



13. After his arrest, MARTINEZ was given a Miranda warning and he admitted to possessing the firearm. When asked why he had the gun, MARTINEZ told the detective, "You know how Oakland is." He stated he bought the gun only three days prior to his arrest and paid $800 for it. He also said he knew that because he had a previous felony conviction, he was not allowed to possess the gun. When he was asked to identify the gun, he correctly answered that it was an "XD," which is shorthand for Springfield Armory XD 40.

14. On or about March 16, 2020, I reviewed MARTINEZ's criminal history, which revealed that MARTINEZ has multiple prior felony convictions. According to a felony abstract of judgment, on September 25, 2013, MARTINEZ was convicted of: (1) pimping an adult, in violation of California Penal Code Section 266H(a), for which he was sentenced to six years' imprisonment; (2) pander: procuring of an adult, in violation of California Penal Code Section 266I(a)(1), for which he was sentenced to one year and four months' imprisonment; (3) pimping, in violation of California Penal Code Section 266H(A), for which he was sentenced to one year and four months' imprisonment; and (4) pander: procuring of an adult, in violation of California Penal Code Section 266(I)(a)(1), for which he was sentenced to one year and four months' imprisonment. The sentences were to be served consecutively for a total term of imprisonment of ten years. During the course of the Oakland Police Department's investigation, MARTINEZ was alleged to have forced multiple minors—some as young as 12—into prostitution. He was further alleged to have assaulted these girls when they did not make enough money, tied them up in motels so they could not escape, and forced them to meet clients in multiple cities in California.

15. On or about March 7, 2020, I inspected the recovered firearm and ammunition. I determined that the firearm, a .40 caliber S&W Springfield Armory Model XD 40 pistol, as well as ten Federal .40 caliber S&W ammunition cartridges found within the pistol, were manufactured outside California. Therefore, I believe that this firearm and ammunition traveled in interstate commerce in order to be recovered in California.

## V. CONCLUSION

16. Based upon the foregoing, I submit that there is probable cause to believe that MARTINEZ has violated 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition.

   Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Andrew M. Balady*
Andrew M. Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this __13__ day of May 2020

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE